## BRONSON *v.* MARSH.

LIQUOR BOND—CONTRIBUTION—INSTRUCTIONS.

> In an action for contribution by a surety on a liquor bond, where defendant claimed that he signed under an agreement that plaintiff would save him harmless, an instruction that "defendant, having voluntarily signed the bond, and held himself out to the world as a co-surety, is estopped from denying such fact as a defense to this action," followed by a statement that plaintiff could not recover if he agreed to save defendant harmless, is not error.

Error to Calhoun; Smith, J. Submitted April 24, 1902. (Docket No. 34.) Decided June 3, 1902.

*Assumpsit* by Ira N. Bronson against George H. Marsh for contribution as co-surety on a liquor bond. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff and defendant were co-sureties upon the liquor bond of William L. Bronson, a son of plaintiff, who in 1894 kept a saloon at Homer. One Mrs. Camburn brought suit upon the bond for the sales of liquor to her husband,

on account of which she was injured. She recovered a verdict and judgment of $500. Plaintiff brought this suit to recover from his co-surety one-half the amount of said judgment and costs. The defenses set up are found in the concluding paragraphs of the court's instructions, as follows:

"If you find that at the time Marsh signed the liquor bond, in 1894, there was an express or implied understanding or agreement existing between him and the plaintiff, Ira N. Bronson, to the effect that he (Ira N. Bronson) would save the said Marsh harmless on account of signing said bond, and said Marsh signed said bond in reliance thereon, then I instruct you that plaintiff cannot recover in this suit. * * *

"If you find that before the Camburn suit was begun, or while it was pending, the defendant, Marsh, wanted to settle said suit, and so informed the plaintiff, and the plaintiff opposed the settlement of said suit, and told said Marsh, in substance, that he need pay no attention to said Camburn suit; that he (said Ira N. Bronson), or he and his son, the other defendant in said Camburn suit, would pay all damages and costs Mrs. Camburn might recover in said suit, and the said Marsh would not have to pay a cent on account of said suit, or words to that effect; and that said Marsh, because of and in reliance on such promise and representations on the part of said plaintiff, desisted from settling with the plaintiff in said Camburn suit so far as any claim against him was concerned, and from thereafter looking after his interests in said Camburn suit, then I instruct you that the plaintiff cannot recover in this suit; or if you find that the defendant, Marsh, before he signed the second liquor bond, in May, 1895, told the plaintiff, Ira N. Bronson, that he would not sign the second bond until the Camburn case was settled, and he relieved from all liability on account thereof, and that said plaintiff, in order to induce said Marsh to sign said second bond as surety, did thereupon settle and pay the Camburn claim, and represent to said Marsh that he was relieved from all liability on account of said Camburn case, and that said Marsh, in reliance thereon, was induced to, and did, sign and become surety on said second liquor bond, then I instruct you that the plaintiff cannot recover in this case."

Plaintiff had verdict and judgment.

*M. H. Nichols* and *John E. Foley*, for appellant.

*L. B. Tompkins*, for appellee.

GRANT, J. (*after stating the facts*).   There are 37 assignments of error, most of which relate to the rulings of the court in admitting and rejecting testimony.   We find no prejudicial error in the rulings.   They are all too unimportant to justify discussion.

We also find no error in the instructions.   The closing paragraphs of the instructions, above given, placed the issues very concisely and clearly before the jury.   Defendant's counsel complain that the judge, in the forepart of his instructions, said:

"Defendant having voluntarily signed this bond, and held out to the world the fact that Ira N. Bronson was a co-surety with him upon said bond, and the saloon having been operated under such understanding, defendant is estopped from denying such fact as a defense to this action."

This was only part of the sentence, and the court immediately stated the defenses set up by the defendant.   Aside from this, the passage quoted clearly meant that the defendant could not set up as a defense that he was not a co-surety, or that the saloon was not operated upon that understanding, — a perfectly correct statement.   After making this statement the court proceeded to define the issues between the parties and to give the jury the law applicable thereto.

It is not surprising that the jury found against the defendant, in view of the fact that William L. Bronson paid him $200 to sign his bond, upon which he claimed absolute immunity from liability as between him and his co-surety.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.   LONG, J., did not sit.